**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

WISCONSIN LABORERS HEALTH FUND,
BUILDING  AND PUBLIC WORKS LABORERS
VACATION FUND, WISCONSIN LABORERS
APPRENTICESHIP AND TRAINING FUND and
KENT MILLER (in his capacity as Trustee),

WISCONSIN LABORERS-EMPLOYERS COOPERATION
AND EDUCATION TRUST FUND,

WISCONSIN LABORERS DISTRICT COUNCIL,

BUILDING TRADES UNITED PENSION TRUST FUND and
WILLIAM BONLENDER (in his capacity as Trustee),

                        **Plaintiffs,**

      **v.**                                        **Case No.  26-cv-780**

STATE CONTRACTORS, INC. and
JOHNSON & SONS PAVING, LLC d/b/a
STATE CONTRACTORS, INC.

                       **Defendants.**
_____

**COMPLAINT**
_____

     **NOW COME** the Plaintiffs, by their attorneys, and as and for a cause of action against Defendant, allege and show to the court the following:

### Jurisdictional and Venue

1.    Jurisdiction of this Court upon Defendant State Contractors, Inc. and Johnson & Sons Paving d/b/a State Contractors ("Defendants") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as

amended (29 U.S.C. § 185(a)), in that Plaintiffs are aggrieved by Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit, as well as untimely submission of, contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and LMRA § 301.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Defendant's principal place of business and office is in Waukesha County, Wisconsin.

## Parties

3. Plaintiffs Wisconsin Laborers Health Fund, Building and Public Works Laborers Vacation Fund, and Wisconsin Laborers Apprenticeship and Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said plan. Said plan maintains offices at 4633 LIUNA Way, Suite 201, Deforest, Wisconsin 53532.

4. Plaintiff Kent Miller is a Trustee and a fiduciary of the Wisconsin Laborers Health Fund and Wisconsin Laborers Apprenticeship and Training Fund and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Kent Miller maintains an office at 4633 LIUNA Way, Suite 101, Deforest, Wisconsin 53532.

5. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET") is an employee benefit plan governed by a Board of Trustees consisting

2

of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)), whose purpose is to address areas of common concern to labor and management in the construction industry. Said Plan maintains offices at 4633 LIUNA Way, Suite 201, Deforest, Wisconsin 53532.

6. Plaintiff Wisconsin Laborers District Council ("Union") is a labor organization within the meaning of 29 U.S.C. § 158 et seq. Said labor organization maintains offices at 4633 LUINA Way, Suite 101, Deforest, Wisconsin 53532.

7. Plaintiff Building Trades United Pension Trust Fund ("Building Trades Pension Fund") is an employee benefit plan within the meaning of §§ 3(2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

8. Plaintiff William Bonlender is a trustee and beneficiary of the Building Trades Pension Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a plaintiff in this action. Mr. Bonlender maintains an office at 17125 West Cleveland Ave., New Berlin, WI 53151.

9. Defendant State Contractors, Inc. ("State Contractors") is a domestic corporation organized under the laws of Wisconsin, engaged in business with principal offices located at N91W13906 Warren Street, Menomonee Falls, WI 53051. The company's registered agent for service of process is Jason Johnson at N91W13906, Menomonee Falls, WI 53051.

10.     Defendant Johnson & Sons Paving, LLC d/b/a State Contractors, Inc. ("Johnson & Sons Paving") is a domestic limited liability company organized under the laws of Wisconsin, engaged in business with principal offices located at N91W13906 Warren Street, Menomonee Falls, WI 53051. The company's registered agent for service of process is Jason B. Johnson at N91W13906, Menomonee Falls, WI 53051.

## Facts

10.     Both State Contractors and Johnson & Sons Paving are employers and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

11.     For all times relevant, State Contractors and Johnson & Sons Paving are and remain a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Union.

12.     The Labor Agreements described herein contain provisions whereby State Contractors and Johnson & Sons Paving agreed to make contributions and payments to Plaintiffs by the fifteenth day of the month after the one during which the work was performed.

13.     By execution of said Labor Agreements, State Contractors and Johnson & Sons Paving adopted the trust  agreements and amendments thereof; which establish and govern the Funds and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already

4

taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Policy on Employer Accounts.

14. State Contractors has failed to remit to the Plaintiffs all contributions required by its collective bargaining agreements with the Union.

15. State Contractors, by failing to remit contributions to Plaintiffs by the fifteenth day of the month following the one during which the work was performed, and pursuant to the policies on employer accounts that are binding upon State Contractors owes to Plaintiffs interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

### Claim One Against State Contractors, Inc. and Johnson & Sons Paving, LLC d/b/a State Contractors in Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

16. As and for a first claim for relief against Defendants, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. For purposes of this claim, Plaintiffs Building Trades United Pension Trust Fund, Wisconsin Laborers Health Fund, Building & Public Works Laborers Vacation Fund and Wisconsin Laborers Apprenticeship and Training Fund each collectively will be referred to as the "Funds."

18. State Contractors has failed to remit to the Funds all contributions required by its collective bargaining agreement with the Union, in violation of 29 U.S.C. §515.

5

19. By virtue of a stock purchase agreement, Johnson & Sons Paving gained majority control over State Contractors and has continued operations as State Contractors and is therefore responsible for the liability owed to the Funds.

20. Therefore, on all contributions that remain unpaid from June 1, 2022 through the date of the filing of this Complaint, the Funds are entitled to recover from State Contractors and/or Johnson & Sons Paving jointly or severally for all owed contributions; as well as their reasonable value attorneys' fees of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §502(g), the Funds' policies on employer accounts, and applicable collective bargaining agreements.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against State Contractors and Johnson & Sons both jointly and severally:

    A. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds for the period June 1, 2022 to the present;

    B. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Reasonable attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

**Claim Two Against State Contractors, Inc State Contractors, Inc. and Johnson & Sons Paving, LLC d/b/a State Contractors.**
**Violation of LMRA § 301 (29 USC § 185)**

21. As for a second claim for relief against Defendants, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 20 above and incorporate same as though fully set forth herein word for word.

22. For purposes of this claim, LECET and the District Council will be referred to as the "Plaintiffs."

22. State Contractors breached its collective bargaining agreement with the Union to the extent it failed to remit contributions and working dues to the Plaintiffs.

23. Upon information and belief, State Contractors deducted working dues owed to the Union from its employees' paychecks but failed to submit same to the Union in a timely fashion.

24. By failing to remit to the Plaintiffs working dues and contributions, State Contractors breached its collective bargaining agreement(s) with the Union; so that the Plaintiffs are entitled to recover all such dues and contributions thereof.

25. By virtue of a stock purchase agreement, Johnson & Sons Paving gained majority control over State Contractors and has continued operations as State Contractors and is therefore responsible for liability owed the Plaintiffs.

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs against State Contractors and Johnson & Sons jointly and severally:

   A. For all contributions and working dues owed to them for the time period June 1, 2022 to the present;

7

B. For unpaid contributions and working owed to the Plaintiffs becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

C. Reasonable attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 1st day of May 2026.

s/Christopher Ahrens
Christopher J. Ahrens (SBN 1043237)
Alex J. Sterling (SBN: 1107931)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

8